IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CT-03020-M

| | | |
|---|---|---|
| MARKUS ODON McCORMICK, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER |
| SASHA GRAHAM, et al., | ) ) | |
| Defendants. | ) ) | |

On January 18, 2022, Markus Odon McCormick ("plaintiff"), a state inmate proceeding *pro se* and without prepayment of fees, filed a complaint under 42 U.S.C. § 1983. [D.E. 1, 2, 7].

Plaintiff subsequently moved for appointment of counsel, Mot. [D.E. 9], to amend his complaint, Mot. [D.E. 10], "to include attachments," Mot. [D.E. 11], and to expedite [D.E. 12, 13].

On December 15, 2022, the court denied the motion to appoint counsel, granted the motions to amend and to include attachments, denied as moot the motion to expedite, conducted its initial review, allowed the action to proceed against Fayetteville Police Department ("FPD") Officers Graham, Bass, and Glorafield, but dismissed without prejudice the FPD and the City of Fayetteville as defendants. Order [D.E. 15]. Also on that date, summons issued. [D.E. 16].

On December 28, 2022, plaintiff filed an interlocutory appeal as to the court's December 15, 2022, order. See [D.E. 17] at 1 (contesting the court's dismissal without prejudice of the FPD and the City of Fayetteville as defendants).

On December 29, 2022, summons was returned executed as to defendants Graham, Bass, and Glorafield, making their answers due on January 9, 2023. See [D.E. 21, 22, 23].

On January 3, 2023, plaintiff filed motions seeking "funds for private investigator [sic]," Mot. [D.E. 24], recusal of the undersigned judge, and appointment of counsel, see Mot. [D.E. 25].

Discussion:

The court first considers plaintiff's January 3, 2023, self-styled "motion for funds for private investigator for pro se plaintiff [sic]." Mot. [D.E. 24]. In support of this motion, plaintiff asserts that: he was granted leave to proceed without prepayment of fees; his case survived initial review; "discovery will be voluminous for each of the 3 defendants and a private investigator would better assist in trial preparation"; and "plaintiff will subpoena witnesses in law enforcement, courtroom personnel, certain documents and material for trial and a private investigator would better assist the pro se plaintiff [sic]." Id. at 1.

Although plaintiff seeks appointment of, and funds for, a private investigator, such appointment is not authorized merely because plaintiff proceeds without prepayment of fees. See Pickens v. Lewis, No. 1:15-CV-275-FDW, 2017 WL 2198342, at *2 (W.D.N.C. May 18, 2017) (unpublished) ("[T]he in forma pauperis statute . . . does not authorize federal courts to appoint or authorize payment for expert witnesses for prisoners or other indigent litigants. Ordinarily, the plaintiff must bear the costs of his litigation, including expert expenses, even in pro se cases." (collecting case)). To the extent plaintiff seeks to subpoena witnesses to testify at a trial or a hearing, the motion is premature. To the extent plaintiff seeks to depose witnesses, he has not "demonstrate[d] that he can meet the requirements for taking depositions on written discovery, including to retain an appropriate officer capable of administering an oath and the written depositions questions; serving the subpoenas on the non-party witnesses to be deposed; and paying witness fees where applicable[.]" Eggleston v. Mitchell, No. 1:12-CV-1220, 2013 WL 5351053,

2

at *6 (M.D. Pa. Sept. 23, 2013) (unpublished); see McClary v. Lightsey, No. 5:14-CT-3039-FL, 2016 WL 497929, at *4 (E.D.N.C. Feb. 8, 2016) (unpublished). Accordingly, the court DENIES WITHOUT PREJUDICE this motion [D.E. 24].

The court now turns to plaintiff's January 3, 2023, self-styled "28 U.S.C. § 1915(e)(1) motion to reconsider appointment of counsel [sic]." Mot. [D.E. 25]. In support of this motion, plaintiff argues that: he was granted leave to proceed without prepayment of fees; his prior motion to appoint counsel was denied by the court's December 15, 2022, order; he "re-alleges each and every reason for appointment of counsel" that he raised in his prior motion; the three defendants are FPD officers, "discovery is going to be voluminous," plaintiff will be subpoenaing documents and material for trial, and counsel would better assist plaintiff with these materials; because his complaint survived initial review, he has shown exceptional circumstances that warrant appointment of counsel or, alternatively, "standby counsel"; and the denial of counsel would cause "extreme hardship." Id. at 1–2. Plaintiff "requests a different United States Court Judge to review and issue order on this motion, disqualifying any U.S. Judge civil or criminal who has issued a ruling or order or case in any of Plaintiff past court matters [sic]." Id. at 2.

Courts "classify *pro se* pleadings from prisoners according to their contents, without regard to their captions." United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003). Accordingly, the court liberally construes this motion as seeking appointment of counsel and recusal of the undersigned judge.

A federal judge is required to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455. Although plaintiff plainly disagrees with the court's decision to deny his prior motion to appoint counsel, the court discerns

3

no reasonable legal or evidentiary support for plaintiff's recusal request. See Liteky v. United States, 510 U.S. 540, 555 (1994) (noting "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" and "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."); Belue v. Leventhal, 640 F.3d 567, 574 (4th Cir. 2011) ("[W]hile recusal motions serve as an important safeguard against truly egregious conduct, they cannot become a form of brushback pitch for litigants to hurl at judges who do not rule in their favor."); United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003) ("A presiding judge is not, however, required to recuse himself simply because of 'unsupported, irrational or highly tenuous speculation.'" (citation omitted)). Accordingly, the court DENIES this aspect of the motion [D.E. 25].

As to plaintiff's renewed request to appoint counsel, no right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court, 490 U.S. 296 (1989). "Exceptional circumstances" that contemplate appointment of counsel in *pro se* civil cases arise when a plaintiff lacks capacity to represent himself; this is a determination by the court that "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163.

Contrary to plaintiff's assertions, and despite his intent to seek voluminous discovery, this case is not complex. Further, although he is a state inmate proceeding without prepayment of fees, plaintiff's filings indicate that he is capable of representing himself in this matter. Thus,

4

plaintiff fails to demonstrate "exceptional circumstances" meriting appointment of counsel. Cf. id. Accordingly, the court DENIES WITHOUT PREJUDICE this aspect of the motion [D.E. 25].

Conclusion:

In sum, the court: DENIES WITHOUT PREJUDICE the "motion for funds for private investigator for pro se plaintiff [sic]" [D.E. 24]; DENIES the "28 U.S.C. § 1915(e)(1) motion to reconsider appointment of counsel [sic]" [D.E. 25] to the extent plaintiff seeks recusal of the undersigned judge; and DENIES WITHOUT PREJUDICE the "28 U.S.C. § 1915(e)(1) motion to reconsider appointment of counsel [sic]" [D.E. 25] to the extent he seeks appointment of counsel.

Finally, because defendants have not yet answered the complaint and the time to do so has passed, the court DIRECTS defendants to answer or otherwise respond not later than February 13, 2023. See 42 U.S.C. § 1997e(g). The court WARNS defendants that failure to respond by this deadline may result in an entry of default and default judgment. The court further DIRECTS the clerk to serve this order, and docket entries [D.E. 1, 10, 15], on the Cumberland County Attorney.

SO ORDERED. This 20th day of January 2023.

RICHARD E. MYERS II
Chief United States District Judge