IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CT-03020-M

| | | |
|---|---|---|
| MARKUS ODON McCORMICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SASHA GRAHAM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This cause is before the court on plaintiff's motions seeking a discovery conference, Mot. [D.E. 82]; Mot. [D.E. 84], and to compel discovery, Mot. [D.E. 85]. Defendants oppose these motions. See [D.E. 83, 91]. For the reasons discussed below, the court denies these motions.

Arguments:

In support of his first motion for a discovery conference, plaintiff argues, *inter alia*, that defendants had not yet responded to any of his discovery requests. See Mot. [D.E. 82].

In response, defendants argue, *inter alia*, that a discovery conference is unnecessary and moot as defendants' counsel served plaintiff with discovery responses and a USB flash drive with materials responsive to plaintiff's voluminous production requests. See Defs.' Resp. [D.E. 83].

In his second motion for a discovery conference, plaintiff acknowledges he received a USB flash drive from defendants on January 29, 2024, but asserts he did not receive 1) body-worn camera footage from defendant Glorafield as to a January 18, 2019, traffic stop despite Glorafield being "seen on" defendant Bass's body-worn camera, or 2) defendant Graham's affidavit to the magistrate establishing probable cause for his arrest on February 4, 2019. See Mot. [D.E. 84].

In support of his motion to compel, plaintiff cites Federal Rule of Civil Procedure 37(a)(2) and seeks the following: 1) Fayetteville Police Department documents regarding policy and procedure pertaining to human trafficking and promoting prostitution; 2) "Information relating to City of Fayetteville reports, investigations and documents relating to human trafficking & promoting prostitution"; 3) "internal affairs files, personnel files, disciplinary files[,] and arrest history of each defendant as well as the race of each individual charged with human trafficking or promoting prostitution and all complains made by or against defendant officers"; 4) "unredacted copies of the daily logs, yearly reports, index card files, and internal affairs case files, including correspondence for all members if the human trafficking unit division in the Fayetteville Police Dept. from March 2015 through April 2019"; 5) "the full name of Det. Hutchens and Sgt. Cochran of the Fayetteville Police Dept."; 6) "The full name of the person who created the human trafficking unit in the Fayetteville Police Dept."; 7) "The 1-18-2019 skibord [sic] body worn camera footage of Defendant [ ] Glorafield" as to the traffic stop of third parties; 8) "The complete arrest warrant application probable clause affidavit by Defendant [ ] Graham given to magistrate for case file No. 19 CR 051565"; and 9) "The complete arrest warrant application probable cause affidavit by [defendant] Graham given to magistrate for case file No. 19 CR 051566." See Mot. [D.E. 85] at 1–2. Plaintiff asks the court to compel production of these items and to schedule a discovery conference as soon as possible. Id. at 2.

In response to plaintiff's second motion for a discovery conference and motion to compel discovery, defendants argue, *inter alia*: because the court has denied plaintiff's repeated attempts to raise municipal liability claims pursuant to Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978), discovery requests as to Monell liability are extraneous; defendants have

2

produced discovery relevant to plaintiff's remaining claims; plaintiff's requests one to four in the motion to compel address liability under Monell; requests five and six are new claims that were not included in the original discovery requests and seek irrelevant personal information; as to request seven, January 18, 2019, body worn camera footage of defendant Glorafield does not exist, but defendant Glorafield's body worn camera footage as to plaintiff's February 4, 2019, arrest was produced; as to requests eight and nine, "there are no affidavits for Defendant Graham for the arrest warrants" because "evidence to support probable cause for the arrest warrants was provided verbally by Defendant Graham to the magistrate judge on February 4, 2019"; and the instant discovery requests are not proportional to the case. See Defs.' Resp. [D.E. 91].

Discussion:

Plaintiff's second motion seeking a discovery conference tacitly acknowledges that his first motion for a discovery conference – seeking then as-of-yet undelivered discovery responses – was mooted by defendants' provision of a USB flash drive on January 29, 2024. See Mot. [D.E. 84].

The court reviews the motion to compel discovery under the governing standard. See Fed. R. Civ. P. 26(b)(1), 34, 37(a); Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc., 43 F.3d 922, 929 (4th Cir. 1995); Erdmann v. Preferred Rsch., Inc. of Ga., 852 F.2d 788, 792 (4th Cir. 1988); Mainstreet Collection, Inc. v. Kirkland's, Inc., 270 F.R.D. 238, 241 (E.D.N.C. 2010).

Succinctly stated, the instant motion to compel seeks records that either are nonexistent, not relevant to plaintiff's surviving claims, or otherwise not "proportional to the needs of the case." Virginia Dep't of Corr. v. Jordan, 921 F.3d 180, 188 (4th Cir. 2019), cert. denied, 140 S. Ct. 672 (2019); see also Rodger v. Elec. Data Sys., Corp., 155 F.R.D. 537, 540 (E.D.N.C. 1994) ("A trial court should not permit 'fishing expeditions' conducted by plaintiffs"). Thus, defendants have

3

"made a particularized showing why discovery should be denied." Johnson v. N.C. Dep't of Justice, No. 5:16-CV-679-FL, 2018 WL 5831997, at *5 (E.D.N.C. Nov. 7, 2018) (citing Mainstreet Collection, 270 F.R.D. at 241).

Moreover, although plaintiff seeks to rely on Federal Rule of Civil Procedure 37(a), he fails to certify "that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions." E.D.N.C. Local Civil Rule 7.1(c)(2); see Boykin Anchor Co., Inc. v. Wong, No. 5:10-CV-591-FL, 2011 WL 5599283, at *3 (E.D.N.C. Nov. 17, 2011) (describing discovery motion requirements under both the federal and local rules).

Accordingly, the court, in its discretion, denies plaintiff's motion to compel discovery [D.E. 81]. See Lone Star, 43 F.3d at 929; Erdmann, 852 F.2d at 792; see also English v. Johns, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014).

Finally, because the court denies plaintiff's motion to compel, the court likewise denies the second motion for a discovery conference [D.E. 84]. See McCargo v. Hedrick, 545 F.2d 393, 397 (4th Cir. 1976) (noting pretrial conference under Fed. R. Civ. P. 16 is not compulsory)

## Conclusion:

For the reasons discussed above, the court: DENIES AS MOOT plaintiff's first motion for a discovery conference [D.E. 82]; DENIES plaintiff's second motion for a discovery conference [D.E. 84]; and DENIES plaintiff's motion to compel discovery [D.E. 85].

SO ORDERED this 5th day of March 2024.

RICHARD E. MYERS II
Chief United States District Judge